UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

OTIS PARKES,

                Movant,

    -against-

UNITED STATES OF AMERICA,

                Respondent,.

------------------------------------x

16-cv-04771 (LAK)
(03-cr-01364 (LAK))

## MEMORANDUM AND ORDER

Lewis A. Kaplan, *District Judge.*

       In June 2003, petitioner Otis Parkes agreed with Duane Beaty and Steven Young to rob a marijuana dealer, Ruben Medina. While searching the apartment for marijuana, Young shot Medina once in the head and twice in the back, killing Medina. All three men fled the apartment without succeeding in finding any marijuana.

       Parkes was charged with five counts arising from the attempted armed robbery. Count One charged him with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. Count Two charged attempted Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2. Count Three charged using, carrying, and possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(a)(iii) and 2. Count Four charged him with using, carrying, and possessing a firearm during and in relation to a crime of violence and causing death through the use of a firearm in violation of 18 U.S.C. §§ 924(i)(1) and 2. Count Five charged him with possessing a firearm following a felony conviction in violation of 18 U.S.C. § 922(g)(1).

      The jury instructions permitted conviction on Count Three on the jury convicted Parkes either of the alleged conspiracy to commit Hobbs Act robbery charged in Count One or the alleged attempted Hobbs Act robbery charged in Count Two. Tr. at 500. The predicate offense for conviction on Count Four was a finding of guilt of the conspiracy charged in Count One. The jury convicted Parkes on all five counts. The verdict did not specify whether Count One or Count Two was the predicate offense for conviction on Count Three. *Id.* at 570.

      The Second Circuit affirmed the convictions but vacated the sentence and remanded for resentencing. Relevant to this motion, it concluded that Count Three was a lesser included offense of Count Four and that Parkes could not be sentenced on both counts. *United States v. Parkes*, 497 F.3d 220, 234 (2d Cir. 2007). On remand, this Court sentenced Parkes to concurrent terms of 240 months on Counts One and Two, a concurrent term of 120 months on Count Five, and

a term of life imprisonment on Count Three, that term to run consecutively to his sentences on Counts One, Two, and Five. Resentencing Tr. at 11. Parkes was not sentenced on Count Four.

*Discussion*

Parkes now challenges his convictions on Counts Three and Four pursuant to 28 U.S.C. § 2255. He argues that the predicate offenses for those counts do not qualify as crimes of violence in light of *United Sates v. Davis*, 139 S. Ct. 2319 (2019.

The government agrees with Parkes that his conviction on Count Four cannot stand following *Davis*. Accordingly, Parkes' motion to vacate his conviction is granted to the extent that the Count Four conviction is vacated.

On the other hand, Parkes' motion to vacate his conviction on Count Three is denied substantially for the reasons set forth in the government's opposition and March 26, 2021 letter. Dkt. 209, 210. In particular, the Second Circuit recently held that attempted Hobbs Act robbery qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). *United States v. McCoy*, __ F.3d __, 2021 WL 1567745, *20 (2d Cir. April 22, 2021) ("we hold that Hobbs Act attempted robbery qualifies as a crime of violence under § 924(c)"). This decision forecloses Parkes' arguments to the contrary.

In addition, Parkes' conviction on Count Three is not impacted by the government's concession that the offense of conviction on Count One no longer qualifies as a crime of violence. In addition to the arguments put forth by the government – with which the Court substantially agrees – the Court notes that "[i]n the context of section 924(c) convictions, the Second Circuit and courts in this District have held that the invalidity of one predicate conviction does not warrant vacatur of a section 924(c) conviction where there are other valid predicates." *Speed v. United States*, No. 16-cv-4500 (PKC), 2020 WL 7028814, at *5 (S.D.N.Y. Nov. 30, 2020) (collecting cases). Parkes was found guilty on both Counts One and Two, and Count Two remains a valid predicate offense under Section 924(c). This is sufficient to sustain his conviction on Count Three.

Finally, the Court agrees that resentencing is not warranted substantially for the reasons set forth by the government. Dkt. 209 at 25-28. This Court previously has held that the vacatur of one count of conviction does not require *de novo* resentencing in the Section 2255 context. *See Ayyad v. United States*, No. 16-cv-4346 (LAK), 2020 WL 5018163, at *2 (S.D.N.Y. Aug. 24, 2020). Instead, *de novo* resentencing may be warranted where the vacatur of one conviction undoes the "knot of calculation" underlying the overall sentence. *Id.* (*quoting United States v. Quintieri*, 306 F.3d 1217, 1228 (2d Cir. 2002)). That is not the case here, as Parkes was not sentenced on Count Four. In addition, Parkes' arguments for resentencing primarily relate to his status as a career offender under the Guidelines and not the vacatur of his conviction on Count Four.

*Conclusion*

Parkes' motion to vacate his conviction [Dkt. 185] is granted to the extent that his conviction on Count Four is vacated. It is denied in all other respects. The Court will enter an amended judgment reflecting the vacatur of Count Four and reimposing Parkes' sentence. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: April 28, 2021

_____
Lewis A. Kaplan
United States District Judge